UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MOLLY L. DENNIS,

        Plaintiff,

v.

CITY OF ROCHESTER; PATRICK KEANE, in his individual as well as official capacity as a City of Rochester council member; and KIM NORTON, in her individual as well as official capacity as the mayor of the City of Rochester,

        Defendants.

Case No. 24-CV-0426 (PJS/DLM)

ORDER

---

    Molly L. Dennis, pro se.

    Erin Emory and Jenny Gassman-Pines, GREENE ESPEL PLLP, for defendants.

    Plaintiff Molly Dennis, a member of the Rochester City Council, brought a variety of disability-related federal and state-law claims against defendants City of Rochester, City Council member Patrick Keane, and Mayor Kim Norton (collectively, the "City"). This matter is before the Court on the City's objection to the October 30, 2024, Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko. Judge Micko recommends granting the City's motion to dismiss in part and denying it in part. After conducting a de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), the Court overrules the objection and adopts the R&R.

Only one point merits comment. The City objects to the R&R's conclusion that Dennis plausibly alleged that she was denied access to public services because of her disability. Primarily, the City argues that Dennis merely alleged that she was treated differently, which is not the same as alleging that the City failed to provide her "meaningful access" to public services and "effective" public communications. But Dennis plainly alleges that she was provided *worse* access to city resources and received *less effective* communications than other council members—and that this was true because of disability-based animosity. *See, e.g.*, Am. Compl. ¶¶ 12, 14, 15, ECF No. 13; *see also Segal v. Metro. Council*, 29 F.4th 399, 406 (8th Cir. 2022) ("In this context, the term 'meaningful access' has its common and ordinary understanding, signifying access to services by disabled individuals that is substantially equal to the services provided to non-disabled persons."). Indeed, Dennis alleges that—far from accommodating her disability—the structured access and communication procedures that the City implemented for Dennis aggravated the symptoms of her disability and were therefore worse than no accommodations at all.[1]

---

[1] The City also argues that specific types of access or communication were not part of Dennis's accommodation request, so it cannot be held liable for failing to accommodate her in those ways. The City misses the point. "Discrimination under the ADA encompasses both disparate treatment because of a disability and failure to provide reasonable accommodations to a qualified individual's known disability." *Hall v. Higgins*, 77 F.4th 1171, 1181 (8th Cir. 2023) (quoting *Withers v. Johnson*, 763 F.3d 998, 1003 (8th Cir. 2014)) (cleaned up). Thus, regardless of any accommodations she

(continued...)

Dennis has therefore plausibly pleaded she was denied access to public services because of her disability. To say that her claim is plausible is not, of course, to say that it has merit. For example, the Court struggles to understand what "service" was made available to the "public" but not to Dennis. But that matter is better addressed on a full record.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 17] is GRANTED IN PART AND DENIED IN PART as follows:

    a. The motion is DENIED with respect plaintiff's ADA and MHRA denial-of-public-services claims in Counts 1 and 3 of the amended complaint [ECF No. 13] as against the City of Rochester.

    b. The motion is DENIED with respect to plaintiff's MHRA reprisal claim in Count 4 of the amended complaint [ECF No. 13] as against the City of Rochester and Kim Norton.

    c. All other claims are DISMISSED WITHOUT PREJUDICE.

---

[1](...continued)
requested, Dennis also alleges the City intentionally subjected her to discriminatory treatment because of her disability.

Dated: March 11, 2025

Patrick J. Schiltz, Chief Judge
United States District Court