IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Molly L. Dennis,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>City of Rochester, and Kim Norton, in her individual as well as official capacity as the mayor of the City of Rochester,<br><br>　　　　　　　　　Defendants. | Case No. 24-cv-00426-PJS-DLM<br><br>**RULE 26(F) REPORT** |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on Tuesday, April 15, 2025, and prepared the following report.

The initial pretrial conference in this matter is scheduled for May 1, 2025, before United States Magistrate Judge Douglas L. Micko in Courtroom 6B of the Warren E. Burger Federal Building and U.S. Courthouse, 316 N. Robert Street, in St. Paul, Minnesota.

**DESCRIPTION OF CASE**

**1. Concise factual summary of Plaintiff's claims**

Plaintiff Molly L. Dennis sues the City of Rochester and Kim Norton, asserting three Counts that survived the City's motion to dismiss. First the Plaintiff alleges two Counts based on her allegation that while she was a Rochester City Councilmember, the City denied her access to public services under the Americans

with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA"). Second, she alleges one Count of retaliation in violation of the MHRA, alleging that the City and the Mayor retaliated against her by ostracizing her, blocking her from communicating, obtaining information from staff and other protocols that limited and compromised her ability to fulfill her rights and obligations as an elected official after she asserted her right to reasonable disability accommodation. Third, the Plaintiff alleges that her March 6, 2023, censure was discriminatory and that the sanctions accompanying the censure limited and compromised her ability to fulfill her rights and obligations as an elected official; and asserts that she was being subjected to disability discrimination.

**Concise factual summary of Defendant's claims/defenses**

Defendants deny that they are liable under any of Plaintiff's theories. When Plaintiff requested ADHD accommodations, Defendants assert that they engaged with Plaintiff in the interactive process to ensure she had ongoing access to the City's public services, and ultimately provided her with additional resources to accommodate her. Defendants claim that they did not retaliate against Plaintiff, but rather acted in response to complaints of Plaintiff's behavior against other elected officials and City staff, and that these claims were corroborated by an independent investigation conducted by a neutral third-party. Additionally, Defendants assert that their decisions around the censure and limits on Plaintiff's disruptive behavior

2

qualify as decision-making immune from suit under legislative immunity, discretionary immunity, and official immunity. Defendants additionally assert the following defenses: failure to state a claim; failure to establish a prima facie case; all actions by Defendants were based on legitimate business considerations and were made in good faith and in compliance with the provisions of applicable law, rules, and regulations; that Plaintiff failed to mitigate her damages; and Plaintiff's alleged claims fail because providing Plaintiff with certain accommodations would have caused an undue hardship on Defendant.

**2. Statement of jurisdiction (including statutory citations)**

Plaintiff's complaint alleges a claim that arises under the Americans with Disabilities Act, therefore this Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction). This Court has supplemental jurisdiction over the asserted state law claims under 28 U.S.C. § 1367.

Venue is proper in the U.S. District Court for the District of Minnesota under 28 U.S.C. § 1391 because the alleged deprivations of constitutional rights occurred within this District of Minnesota, and the Defendants City of Rochester and Kim Norton are located in Minnesota.

**3. Summary of factual stipulations or agreements**

None.

**4. Statement of whether jury trial has been timely demanded by any party**

A jury trial has been demanded by Plaintiff and Defendants.

**5. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action**

All process have been served, all pleadings have been filed. The Plaintiff has retained legal counsel and may move to amend its pleadings or add additional parties to the action following counsel's full review of the files and records in the matter.

**6. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured**

The League of Minnesota Cities Insurance Trust ("LMCIT") provides insurance coverage to Defendants, subject to the following limits:

| Coverage | | Limit | |
|---|---|---|---|
| PER OCCURRENCE LIMIT | * $ | 2,000,000 | |
| PRODUCTS LIMIT | $ | 3,000,000 | Annual Aggregate |
| FAILURE TO SUPPLY CLAIM LIMIT | $ | 3,000,000 | Annual Aggregate |
| EMF CLAIM LIMIT | $ | 3,000,000 | Annual Aggregate |
| MEDICAL AND RELATED EXPENSE LIMIT | $ | 2,500/10,000 | Any One Person/Occurrence |
| LIMITED CONTAMINATION LIABILITY CLAIM LIMIT | ** $ | 3,000,000 | Annual Aggregate |
| OUTSIDE ORGANIZATION CLAIM LIMIT | ** $ | 100,000 | Annual Aggregate |
| SYSTEM SECURITY BREACH CLAIM LIMIT | $ | 3,000,000 | Annual Aggregate |
| LAND USE AND SPECIAL RISK LITIGATION LIMIT | *** $ | 1,000,000 | Annual Aggregate |
| SEXUAL ABUSE CLAIM LIMIT | $ | 3,000,000 | Annual Aggregate |

\* LMCITs maximum limit of liability for COVERAGES A and C combined.
\*\* LIMIT includes *damages*, loss adjustment expense, defense costs, and *supplementary payments*.
\*\*\* LIMIT includes *litigation costs*.

7. **If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect**

The parties do not agree to the Rules of Procedure for Expedited Trials.

## DISCOVERY

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **May 15, 2025**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **November 1, 2025**.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a) **Plaintiff's Position**: No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    **Defendant's Position**: No more than a total of **15** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

5

    b) **Plaintiff's Position**: No more than **25** document requests shall be served by each side.

    **Defendant's Position**: No more than **15** document requests shall be served by each side.

    The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

    c) No more than **20** requests for admissions shall be served by each side.

5. No more than **1** Rule 35 Medical Examinations shall be taken by Defendant and completed by **October 1, 2025**.

6. **Plaintiff's Position**: No more than **13** fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

    **Defendant's Position**: No more than **5** fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed

early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: **None**.

8. The parties have agreed upon the following additional limitations on discovery procedures:

    - In the event of any discovery dispute, the parties will meet and confer in good faith to resolve the dispute. If the meet-and-confer process does not resolve the dispute within 5 business days of the dispute first being raised (or sooner, if an impasse has been reached), the party seeking discovery may file on ECF a letter-motion, no longer than three pages, explaining the nature of the dispute and, if applicable, why the party is entitled to relief. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within two business days. Counsel should seek relief in accordance with these procedures in a timely fashion. The parties may otherwise file the standard non-dispositive motion requirements of Local Rule 7.1 for discovery disputes.

9. Other discovery issues.

    a) **Discovery of Electronically Stored Information**. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

**Plaintiff's Position:** The City provided Plaintiff a laptop as a part of her tenure on the Rochester City Council. Plaintiff offered to buy the laptop from the City, but the City did not agree. Therefore, Plaintiff has not returned the laptop. The plaintiff has not agreed to a third-party vendor taking possession of the laptop. The plaintiff's legal counsel will further discuss resolution of this issue with defense counsel.

**Defendants' Position:** The City provided Plaintiff a laptop as a part of her tenure on the Rochester City Council on which Plaintiff conducted her work for the City. At the end of Plaintiff's term, Plaintiff did not return the laptop to the City as required by the City Charter. Plaintiff still possesses the laptop. Defendants proposed that Plaintiff provide the laptop to a third-party for forensic imaging to ensure the data will be preserved before returning the device to the City. Plaintiff did not agree, demanding that the City verify in writing that "all personal information and tech connections/personal info will be completely wiped clean," which is inconsistent with the parties' preservation obligations considering the ongoing discovery, and to receive access to the Defendants' counsel's "personal

home journal" among other documents, to which Plaintiff is not entitled as part of discovery.

    b) **Claims of Privilege or Protection.** The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

**Plaintiff's Position**: The Plaintiff believes that there may be information in the possession of the City Attorney including emails and other communications that may not be covered by the attorney-client privilege. The Plaintiff claims that merely copying the City Attorney on an email or the City Attorney's mere presence at a meeting does not automatically render the conversation or communication privileged.

**Defendant's Position**: The Defendants intend to oppose any discovery into information deemed by Defendants to be protected by the attorney-client privilege.

    If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for

9

handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: **N/A**

**c) Joint filings.** The parties have discussed the process for coordinating joint filings.

The parties agree to provide drafts of joint filings at least one week before their due date. If the other party does not respond to the draft by two days before the deadline, the filing party shall be permitted to file the document without the non-responding party's consent or input.

**EXPERT DISCOVERY**

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to **2 experts**. Defendant anticipates calling up to **2 experts**. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by Plaintiff on or before **October 2, 2025**.

   Disclosures by Plaintiff on or before **October 26, 2025**.

   b) Identities by Defendant on or before **October 26, 2025**.

       Disclosures by Defendant on or before **November 17, 2025**.

    c) Rebuttal identities and disclosures on or before **December 21, 2025**.

3. Expert discovery, including depositions, shall be completed by **January 22, 2026**.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **July 1, 2025**.

2. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **November 22, 2025**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

3. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **February 5, 2026**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

4. Neither party waives any rights to amend the pleadings pursuant to a duly noticed hearing after July 1, 2025, as set forth in Rule 16 of the Federal Rules

of Civil Procedure to conform the pleadings to newly discovered evidence or in the interests of justice.

**PROTECTIVE ORDER**

The parties are negotiating and shall jointly submit a proposed protective order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference.

[**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court. No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Joint Motion for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Micko's chambers.]

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside

attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**DISPOSITIVE MOTION DEADLINES**

The parties **do** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **February 15, 2026**.

**SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows: **The parties met and conferred on Tuesday, April 15th. Because Plaintiff's counsel was only recently retained and needs to fully review the matter and consult with his client following that**

   **review, the Plaintiff is not yet able to make a detailed settlement proposal and the parties are not yet able to conduct a meaningful discussion about possible settlement. Both parties nonetheless believe that a pretrial conference would be useful at the discretion of the court.**

2. Each party will email to Magistrate Judge Micko's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Micko in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Micko for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**TRIAL**

1. Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on **June 1, 2026**. The anticipated length of the **jury** trial is **4** days.

Dated: April 24, 2025              */s/ Paul T. Ostrow*
                                   OSTROW LAW LLC
                                   2239 Arthur Street NE
                                   Minneapolis, MN 55418
                                   Attorney Reg. #151889
                                   ptojustice@gmail.com
                                   612-239-8612

                                   Attorney for Plaintiff

Dated: April 24, 2025  **GREENE ESPEL PLLP**

<u>s/Farah N. Famouri</u>
Jenny Gassman-Pines, Reg. No. 0386511
Erin Emory, Reg. No. 0401215
Farah N. Famouri, Reg. No. 0403295
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
jgassman-pines@greeneespel.com
eemory@greeneespel.com
ffamouri@greeneespel.com
(612) 373-0830

Attorneys for Defendants