UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MOLLY L. DENNIS,                                    Case No. 24-CV-0426 (PJS/DLM)

            Plaintiff,

v.                                                          ORDER

CITY OF ROCHESTER and KIM
NORTON, individually and in her
official capacity as the mayor of the City
of Rochester,

            Defendants.

---

John Hayden, QUANTUM LEX PA; John R. Neve, NEVE WEBB, PLLC;
and Paul Timothy Ostrow, I, OSTROW LAW LLC, for plaintiff.

Erin Emory, Farah N. Famouri, and Jenny Gassman-Pines, GREENE
ESPEL PLLP, for defendants.

This matter is before the Court on defendants' objection to the January 22, 2026

Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko.  ECF

Nos. 106, 107.  Judge Micko recommends denying plaintiff Molly Dennis's motion to

amend her complaint a second time [ECF No. 73], except Judge Micko recommends

allowing Dennis to add a First Amendment retaliation claim (Count X) against the City

of Rochester.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b).  Based on that review, the Court sustains the objection, rejects the R&R

in part, and denies the motion to amend in its entirety.

As the R&R recognizes, a motion to amend a complaint to add a new claim should be denied if the new claim "could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (citation omitted).  In ruling on a Rule 12(b)(6) motion, a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *York v. Wellmark, Inc.*, 965 F.3d 633, 638 (8th Cir. 2020).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.

The First Amendment retaliation claim in the proposed second amended complaint would not withstand a motion to dismiss.  To plead a plausible claim of First Amendment retaliation, Dennis's complaint must (1) identify a statement that she made or act that she committed that was protected by the First Amendment; (2) identify an adverse action that defendants took against her that would chill a person of ordinary firmness from continuing in that activity; and (3) plead sufficient facts to make plausible the allegation that, in taking the identified adverse action, defendants were motivated at least in part by the identified activity that was protected by the First Amendment. *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014).

Dennis's proposed second amended complaint falls short on all three elements:

-2-

First, in describing the activity that she claims to be protected by the First Amendment, Dennis mostly pleads sweeping generalities such as "[r]equesting reasonable accommodation for her ADHD," "[d]isagreeing with majority positions of the Council on issues," and "[c]onducting her public duties in a manner consistent with her ADHD, including displaying hyperactivity . . . ."  ECF No. 74 at ¶ 26.  Putting aside the fact that some of what Dennis identifies (such as "hyperactivity") is probably not protected by the First Amendment, all of these are activities in which she would have engaged from the moment she joined the City Council[1]—i.e., for *years* before she was excluded from any meeting.  *See* ECF No. 107 at 8 n.3.  The only *specific* activity that she identifies is that she objected to the Council holding a strategic planning meeting at the Plummer House (which is apparently a historic house in Rochester that can be rented for meetings) on February 27, 2023, and to the Council's failure to make a "live recording" of that meeting.  ECF No. 74 at ¶ 26(b).

Second, in describing the acts that defendants took to retaliate against her for engaging in activity protected by the First Amendment, the proposed complaint contains only (to quote the R&R) "a barebones statement that Plaintiff was excluded from parts of some council meetings" with "scant detail about when, or how, she was

---

[1]For example, the proposed complaint pleads that "Dennis openly disclosed her disability *prior* to starting her position on or about the 1st of January 2021," and, "[s]oon after taking office Dennis filed her official medical ADA accommodation letter . . . ." ECF No. 74 at ¶ 12 (emphasis added).

removed."  ECF No. 106 at 20, 23.  The proposed complaint does not even identify the *dates* of the meetings from which Dennis was expelled, much less describe any of the context—such as when during the meeting she was expelled, what (if anything) she did that triggered her expulsion, how (if at all) the Council majority justified its action, and why a jury could conclude that the justification was pretextual.

Finally, Dennis's proposed complaint does not allege facts to make plausible its conclusory assertion—relied upon by the R&R—that defendants "engaged in concrete adverse actions . . . to retaliate against Plaintiff and chill her First Amendment rights." ECF No. 74 at ¶ 27.  The proposed complaint includes Dennis being "evicted from City Council meetings" on "several occasions" in a long list of alleged "concrete adverse actions."  *Id.* at ¶ 27(b).  But Dennis's assertion that the alleged "concrete adverse actions" were done in *retaliation* for her exercise of First Amendment rights is a prototypical "conclusory statement" that the Court is not required to accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Such a conclusory statement does not have "facial plausibility" unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

Dennis's proposed complaint does not plead sufficient *facts* to make plausible her claim that she was ejected from "several" unidentified City Council meetings in

retaliation for her engaging in activity protected by the First Amendment.  The proposed complaint describes neither direct (e.g., a statement by a Council member) nor indirect (e.g., disparate treatment) evidence of unconstitutional retaliation.  To the contrary, the facts pleaded in the proposed complaint make that claim quite *implausible*.

As noted, the proposed complaint identifies only one specific instance of First Amendment activity:  Dennis's objection to the City Council choosing to meet at the Plummer House on February 27, 2023, and not recording its meeting.  Defendants assert, however—and Dennis does not dispute—that the publicly available minutes of the City Council show that Dennis was expelled from meetings on four occasions: May 20, 2024; August 5, 2024; October 7, 2024; and December 2, 2024.  *See* ECF No. 107 at 8 n.3.  In other words, Dennis was not expelled from a meeting until almost *15 months* after the meeting at the Plummer House.  It defies belief that a majority of Council members decided to expel Dennis from the May 20, 2024 meeting (but not any prior meeting) because, well over a year earlier, Dennis had objected to meeting at the Plummer House and not recording the meeting.

As described above, almost all of the other First Amendment activity to which the proposed complaint points—including "[r]equesting reasonable accommodation for her ADHD," "[d]isagreeing with majority positions of the Council on issues," and "[c]onducting public duties in a manner consistent with her ADHD, including

displaying hyperactivity," was activity in which Dennis would have engaged from almost the moment she joined the City Council on January 1, 2021. Again, it is implausible to assert that, for example, the Council's decision to expel Dennis from a meeting on May 20, 2024 was in retaliation for Dennis requesting accommodations for her ADHD over the past *three and one half years*. And if the expulsions were in retaliation for Dennis's "[d]isagreeing with majority positions of the Council on issues," it is difficult to understand why the Council did not expel her much earlier—or why, after expelling her on May 20, 2024, the Council welcomed her back at subsequent meetings.

Admittedly, it is possible that the City Council expelled Dennis from four meetings in 2024 to retaliate against her for activity in which she'd continuously engaged since January 1, 2021. But the standard is plausibility, not possibility, and the proposed complaint fails to plead sufficient "factual content" to lend plausibility to Dennis's claim of First Amendment retaliation. *Iqbal*, 556 U.S. at 678.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Defendants' objection [ECF No. 107] to the January 16, 2026 Report and

    Recommendation [ECF No. 106] is SUSTAINED and the R&R is

    ADOPTED only insofar as it is consistent with this order.

2.  Plaintiff's motion to amend the complaint [ECF No. 73] is DENIED.

Dated: March 23, 2026                    /s/ Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court