**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Molly L. Dennis, | Case No. 24-cv-426 (PJS/DLM) |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO MODIFY SCHEDULING ORDER** |
| v. | |
| City of Rochester, and Kim Norton, in her individual as well as official capacity as the mayor of the City of Rochester, | |
| Defendants. | |

Plaintiff Molly L. Dennis ("Plaintiff"), through her undersigned counsel, respectfully submits this memorandum in support of her motion for leave to modify the Pretrial Scheduling Order and to file a Third Amended Complaint.

**INTRODUCTION**

This motion presents a straightforward question of diligence and fairness. After the Court identified specific deficiencies in Plaintiff's proposed First Amendment retaliation claim, Plaintiff acted promptly to correct them. The proposed Third Amended Complaint does not assert a new theory or expand the scope of the case. It does exactly what the Court required by adding the factual detail previously found lacking, including specific dates, triggering events, and supporting evidence.

Plaintiff has proceeded diligently throughout this case. She filed pro se, retained counsel, and timely sought amendment. The sufficiency of her retaliation claim has already produced differing conclusions between the Magistrate Judge and the District Court, reflecting a developing area rather than a lack of effort. Once the Court clarified the level

1

of specificity required, Plaintiff promptly assembled the necessary facts and now seeks leave to plead them.

Under these circumstances, there is good cause to modify the scheduling order, and leave to amend should be freely granted.

## PROCEDURAL HISTORY

This case began as a pro se action where the Court limited the initial claims. Plaintiff filed this lawsuit pro se, asserting various disability-related claims against the City and individual officials. On March 11, 2025, the Court dismissed most counts, leaving only Count I (ADA), Count III (MHRA), and Count IV (MHRA reprisal) as active claims. ECF No. 51.

Plaintiff obtained legal counsel on April 14, 2025, and subsequently moved for leave to file a Second Amended Complaint to add First Amendment retaliation claim. Magistrate Judge Douglas L. Micko issued a Report and Recommendation concluding that a First Amendment retaliation claim against the City was plausible and not futile. ECF No. 106.

Chief Judge Schiltz disagreed with the Magistrate's recommendation, finding the previous pleadings inadequate. On March 23, 2026, the District Court sustained Defendants' objection and denied the motion to amend in its entirety. ECF No. 108. The Court ruled that the allegations regarding Plaintiff's evictions from council meetings were barebones and failed to identify specific dates or triggering events that would make the retaliation claim plausible.

2

Plaintiff now moves to add specific facts to cure the deficiencies identified by the Court. In direct response to the March 2026 order, Plaintiff moves to file a Third Amended Complaint that bolsters the retaliation claim with specific dates, transcripts, and video evidence of the retaliatory evictions.

ARGUMENT

## I.    GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER

"If a party files for leave to amend outside of the court's scheduling order, the party must show [good] cause." *Popoalii v. Corr. Med. Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)); see Local Rule 16.3.[1] "The primary measure of good cause [under 16(b)] is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Although the existence or degree of prejudice to the nonmovant may be considered, the focus of the inquiry is on the movant's reasons for seeking to amend beyond the deadline. *Id*. at 717.

Plaintiff's diligence is reflected in the sequence of events following the Court's March 23, 2026, Order. That Order identified, for the first time, the specific factual deficiencies in Plaintiff's proposed retaliation claim, including the absence of dates, triggering events, and detail connecting the alleged removals to retaliatory motive. Plaintiff then promptly undertook to compile the necessary factual record, including obtaining and

---

[1] LR 16.3(b) states that beyond establishing good cause, a movant must also explain the proposed modification's effect on any deadlines. The movant anticipates no effect on the deadlines as a consequence of this motion.

3

organizing transcripts and video recordings of the relevant City Council meetings. Within a short period of time after assembling that information, Plaintiff notified Defendants of her intent to amend and now brings this motion to incorporate those facts into a revised pleading. This sequence demonstrates a direct and diligent response to the Court's guidance, not delay.

Courts have recognized that good cause exists where a party acts promptly to cure specific pleading deficiencies identified by the court, particularly in areas where the governing standards are not clearly established. In *Inge v. Rock Fin. Corp.*, the Sixth Circuit held that a plaintiff acted diligently in seeking leave to amend after the scheduling deadline where she moved shortly after the dismissal and sought only to remedy deficiencies identified by the court, rather than to assert new claims or theories. 281 F.3d 613, 625–26 (6th Cir. 2002). The court emphasized both the absence of clear authority prior to dismissal and the plaintiff's prompt response to the court's ruling, concluding that these circumstances satisfied Rule 16(b)'s good cause requirement and that amendment would not prejudice the opposing party. Id.

The same considerations apply here. As reflected in the procedural history, the viability of Plaintiff's First Amendment retaliation claim has been subject to differing judicial views even before an appeal, and the precise level of factual specificity required was clarified only in the Court's March 2026 Order. Plaintiff did not delay or attempt to reframe her claims after an adverse ruling. Instead, she acted promptly to supply the exact factual detail the Court identified as missing, including specific dates, transcripts, and video evidence tied to the alleged retaliatory conduct. Like the plaintiff in *Inge*, Plaintiff's motion

4

is a targeted effort to cure pleading deficiencies in a developing legal context, not an attempt to introduce new claims or expand the scope of the case. Under these circumstances, Plaintiff has demonstrated the diligence required by Rule 16(b), and modification of the scheduling order is warranted.

## II. JUSTICE REQUIRES THAT PLAINTIFF BE GIVEN OPPORTUNITY TO AMEND HER COMPLAINT

Leave to amend a pleading is governed by Federal Rule of Civil Procedure 15, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend the pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2). "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 844 (8th Cir. 2003) (cleaned up)).

None of the factors weighing in support of denying a motion to amend apply in this instance. There has been no undue delay or bad faith. Allowing the amendment need not delay discovery or the anticipated trial date. The Plaintiff was relying in good faith on the magistrate's ruling that the allegations in the complaint were sufficient. The Plaintiff is moving promptly by way of this motion to remedy the defects found by the Court.

Defendants cannot demonstrate prejudice from the proposed amendment. The facts underlying the amendment are not new. They arise from Plaintiff's own participation in public City Council meetings and are reflected in transcripts and video recordings of those proceedings. These are materials that are equally available to Defendants and have been known to them from the outset. The amendment does not introduce a new theory of liability or expand the scope of the case. It simply provides additional factual detail supporting an existing retaliation claim. Discovery remains ongoing, and any limited follow-up can be accommodated within the current schedule. Under these circumstances, where the amendment relies on facts already known or available to all parties and does not alter the nature of the case, Defendants cannot show unfair prejudice.

A.   **The Proposed Third Amended Complaint Plausibly States a First Amendment Retaliation Claim and Addresses the Court's Prior Order**

Leave to amend should be denied as futile only if the proposed pleading could not withstand a motion to dismiss under Rule 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). At that stage, the Court accepts well-pleaded factual allegations as true and determines whether the complaint contains sufficient factual matter to state a claim that is plausible on its face. A complaint must include enough facts to "raise a right to relief above the speculative level" and must state "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when the pleaded facts allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Where, as here, a proposed amendment directly addresses deficiencies identified by the Court, futility is rarely present. Although the Magistrate Judge concluded that Plaintiff's proposed Second Amended Complaint plausibly alleged a First Amendment retaliation claim, the Court denied leave because the allegations lacked sufficient factual specificity. In particular, the Court noted the absence of specific dates, triggering events, and factual context connecting Plaintiff's removals from council meetings to a retaliatory motive. Order at 9–10, *Dennis v. City of Rochester*, No. 24-cv-426 (PJS/DLM) (D. Minn. Mar. 23, 2026), ECF No. 108.

The proposed Third Amended Complaint directly responds to that guidance. It pleads specific instances of protected speech, including statements made during identified City Council meetings on May 20, 2024, October 7, 2024, and December 2, 2024. (¶¶ describing May 20, October 7, and December 2 meetings). For each meeting, the Complaint sets forth the substance of Plaintiff's speech, including her questions and comments regarding government spending, public transparency, and fiscal accountability. *Id.*

The amended pleading also provides detailed factual context surrounding Plaintiff's removals. It identifies the dates of the meetings, describes the sequence of events leading to each removal, and includes the statements made by Plaintiff immediately preceding those removals, along with the contemporaneous responses of City officials. *Id.* (¶¶ describing removal following statements such as "please leave the meeting," "you're violating rules," and "you are out of order"). These allegations directly address the Court's concern that the prior pleading lacked detail as to when and how Plaintiff was removed,

7

what triggered those removals, and how Defendants justified their actions. *See* Order at 10–11, ECF No. 108.

Under controlling Eighth Circuit law, a First Amendment retaliation claim requires allegations that (1) the plaintiff engaged in protected activity, (2) the defendant took adverse action that would chill a person of ordinary firmness from continuing that activity, and (3) the adverse action was motivated at least in part by the protected conduct. *Scheffler v. Morin*, 743 F.3d 619, 621 (8th Cir. 2014). The proposed Third Amended Complaint satisfies each of these elements.

First, Plaintiff alleges constitutionally protected activity. The amended pleading identifies specific instances in which Plaintiff spoke during City Council meetings on matters of public concern, including government accountability, transparency, and fiscal oversight. (¶¶ describing Plaintiff's statements regarding spending, transparency, and public accountability).

Second, Plaintiff plausibly alleges adverse action. The amended complaint details multiple instances in which Plaintiff was removed from City Council meetings during or immediately following her speech. (¶¶ describing removals from May 20, October 7, and December 2 meetings). As the Magistrate Judge previously recognized, exclusion from council proceedings strikes at the heart of an elected official's ability to perform her duties and would deter a council member of ordinary firmness from continuing to speak on controversial issues. *See Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003).

Third, Plaintiff plausibly alleges causation. The amended complaint alleges that Plaintiff's removals occurred during or immediately after she engaged in specific speech

8

on matters of public concern and includes the contemporaneous exchanges between Plaintiff and City officials at those meetings. (¶¶ describing immediate removal following Plaintiff's questions and statements). Unlike the prior pleading, the amended complaint ties each alleged adverse action to discrete, contemporaneous protected activity occurring within the same meeting, eliminating the temporal gap identified by the Court. *See* Order at 11–12, ECF No. 108.

Taken together, the proposed Third Amended Complaint pleads specific facts, dates, statements, and context sufficient to "raise a right to relief above the speculative level" and to permit a reasonable inference of liability. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Because the amendment directly addresses the deficiencies identified by the Court and plausibly states a First Amendment retaliation claim, it is not futile, and leave to amend should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff has demonstrated good cause to modify the scheduling order under Rule 16(b) and that leave to amend is warranted under Rule 15(a). Plaintiff acted diligently in direct response to the Court's March 2026 Order and seeks only to cure the specific deficiencies identified by the Court. The proposed Third Amended Complaint does not introduce new claims or theories, but instead provides the factual detail necessary to plead Plaintiff's First Amendment retaliation claim with the required specificity.

Because the proposed amendment directly addresses the Court's concerns and plausibly states a claim for relief, amendment is not futile, and no prejudice will result to Defendants. Accordingly, Plaintiff respectfully requests that the Court grant her motion, modify the scheduling order, and permit the filing of the Third Amended Complaint.

**OSTROW LAW LLC**
/s/ Paul T. Ostrow
Paul T. Ostrow (#151889)
2239 Arthur Street NE
Minneapolis, Minnesota 55418

**QUANTUM LEX PA**
/s/ John Hayden
John Hayden (#504136)
6800 France Avenue South, Suite 405
Minneapolis, Minnesota 55435
(952) 746-2400
Dated: May 1, 2026                jhayden@quantumlex.io

*Attorneys for Plaintiff Molly L. Dennis*

10